**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KIMTYLERY HENG and OL CHHEN, on behalf of themselves and a class, | )<br>)<br>) |
| Plaintiffs, | ) Case No.: 15-cv-8454<br>)<br>) |
| vs. | )<br>) |
| HEAVNER, BEYERS & MIHLAR, LLC, | )<br>) |
| Defendant. | ) |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**[1]

Plaintiffs, Kimtylery Heng and Ol Chhen, respectfully request that this Court enter an order determining that this Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") action may proceed as a class action against defendant, Heavner, Beyers & Mihlar, LLC.

Plaintiffs Kimtylery Heng and Ol Chhen seek the certification of a class defined as follows: (a) all persons (b) sued by defendant to foreclose a residential mortgage (c) insured by the FHA (d) on a one or two family property (including condominiums and cooperatives) (e) where the complaint was filed or served during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action and (f) the complaint did not disclaim the possibility of obtaining a deficiency judgment against each borrower.

Plaintiffs Kimtylery Heng and Ol Chhen further request that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiffs Kimtylery Heng and Ol Chhen state as follows:

**NATURE OF THE CASE**

1. This action concerns attempts to collect an FHA mortgage loan from Kimtylery Heng and Ol Chhen. Plaintiffs encountered financial hardship and fell behind. On or about Sept.

---

[1] Appendices referenced are attached to Memorandum in Support of Plaintiffs' Motion for Class Certification.

25, 2014, defendant filed a foreclosure action against plaintiffs in Lake County, Illinois. (Appendix A).

2. The foreclosure complaint form was filled in to state, "Names of defendants claimed to be personally liable for deficiency, if any: Kimtylery Heng and Ol Chen aka Ol Chhen."

3. The Foreclosure Act provides, 735 ILCS 5/15-1504(f), that such statement in the form shall be deemed to be an allegation as follows: "Request for Deficiency Judgment. A request for a personal judgment for a deficiency in a foreclosure complaint if the sale of the mortgaged real estate fails to produce a sufficient amount to pay the amount found due, the plaintiff may have a personal judgment against any party in the foreclosure indicated as being personally liable therefor and the enforcement thereof be had as provided by law."

4. The statutory form may be filled out to state that a deficiency will not be sought (e.g., if the homeowner has discharged the debt in bankruptcy) or that a deficiency will be sought only in specified circumstances, as appropriate.

5. In fact, the FHA narrowly limits the circumstances under which a deficiency will be sought to cases where the borrower committed fraud or engaged in a "strategic" default. The FHA does not authorize deficiencies where, as here, plaintiffs suffered a financial emergency or hardship.

6. FHA makes a determination in each case whether its criteria for seeking a deficiency have been met. The homeowner may supply information to FHA showing why a default occurred and that it was not for one of the reasons for which FHA will seek a deficiency. Pertinent FHA/ HUD policy statements are attached as Appendices B-C.

7. By representing that a deficiency judgment will be sought if the sale of the property does not satisfy the debt, without disclosing the facts that (a) the FHA will not authorize a deficiency in most cases, particularly cases of financial distress or hardship, and (b) the homeowner may explain to the FHA why he or she does not satisfy the FHA's criteria for

seeking a deficiency, defendant misrepresents the likelihood of a deficiency judgment and fails to state material facts necessary to avoid misleading the consumer, in violation in 15 U.S.C. §1692e. The misrepresentation/ omission is highly material because a homeowner will not provide information to the FHA as to why a deficiency is inappropriate.

**CLASS CERTIFICATION REQUIREMENTS**

8. All requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been met.

9. The class is so numerous that joinder is impracticable. On information and belief, there are in excess of 35 class members.

10. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's statements regarding obtaining a deficiency judgment violates the FDCPA.

11. Plaintiffs Kimtylery Heng and Ol Chhen's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

12. Plaintiffs Kimtylery Heng and Ol Chhen will fairly and adequately represent the interests of the class members. Plaintiffs Kimtylery Heng and Ol Chhen have retained counsel experienced in consumer credit and debt collection abuse cases. (Appendix D)

13. A class action is superior for the fair and efficient prosecution of this matter, in that: (a) individual actions are not economically feasible; (b) members of the class are likely to be unaware of their rights; and (c) Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

14. In further support of this motion, plaintiffs Kimtylery Heng and Ol Chhen submit the accompanying memorandum of law.

15. Plaintiffs Kimtylery Heng and Ol Chhen are filing a class motion with the complaint under *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), and to avoid any "other defenses" as described by the Seventh Circuit in *Chapman v. First Index, Inc.*, No. 14-

2773, 2015 WL 4652878, at *3 (7th Cir. Aug. 6, 2015). While the *Chapman* court overruled the mootness issue expressed in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011), the court specifically cautioned that:

> Rejecting a fully compensatory offer may have consequences other than mootness, however. As we put it in *Greisz v. Household Bank*, 176 F.3d 1012, 1015 (7th Cir.1999), "[y]ou cannot persist in suing after you've won." Although even a defendant's proof that the plaintiff has accepted full compensation ("accord and satisfaction" in the language of Rule 8(c)(1)) is an affirmative defense rather than a jurisdictional bar, the conclusion that a particular doctrine is not "jurisdictional" does not make it vanish. The question raised by *Greisz* and similar opinions is whether a spurned offer of complete compensation should be deemed an affirmative defense, perhaps in the nature of an estoppel or a waiver. That would be consistent with Rule 68, which is designed for offers of compromise (the normal kind of settlement) rather than offers to satisfy the plaintiff's demand fully. Cost-shifting under Rule 68(d) is not necessarily the only consequence of rejecting an offer, when the plaintiff does not even request that the court award more than the defendant is prepared to provide.

*Chapman v. First Index, Inc.*, No. 14-2773, 2015 WL 4652878, at *3 (7th Cir. Aug. 6, 2015).

Additionally, on May 18, 2015, the Supreme Court granted a petition for writ of certiorari in *Gomez v. Campbell–Ewald Company*, 768 F.3d 871, 875 (9th Cir.2014). *Campbell–Ewald Company v. Gomez*, 135 S.Ct. 2311 (2015).

   WHEREFORE, for the reasons stated above and in plaintiffs' supporting memorandum, this Court should certify this case as a class action case.

                  Respectfully submitted,

                  s/Daniel A. Edelman
                  Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
  & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

Christopher Kruger
Werner Gruber
KRUGER & GRUBER, LLP
**500 N. Michigan Ave. Suite 600**
**Chicago, Illinois 60611**
(773) 663-4949
(312) 268-7064 (FAX)
Email: chris@krugerandgruber.com
http://www.krugerandgruber.com

## **CERTIFICATE OF SERVICE**

      I, Daniel A. Edelman, hereby certify that on September 25, 2015, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF System, and shall cause to be served, as soon as service may be effectuated, a true and accurate copy of such filing via process server upon the following parties:

Heavner, Beyers & Mihlar, LLC
111 E. Main
Suite 200
Decatur, IL 62523

                                                                                  s/Daniel A. Edelman
                                                                                  Daniel A. Edelman